### ALBERT G. HOWARD *vs.* COOK BORDEN.

B. asked A. to go to a place in New York and survey out fifty thousand feet of boards for
him, saying that the vessel that was to take them was on her way and would be there
before A. Nothing was said about the price. A. went and surveyed the boards, and, the
vessel not having arrived, marked them with B.'s name, left them on the wharf, and or-
dered his men to deliver them on the vessel when she should arrive. No one was there
to receive them for B. *Held*, that the above facts showed no acceptance by B., sufficient
to satisfy the statute of frauds, and enable A. to recover their value from B.

CONTRACT brought to recover for about fifty thousand feet
of boards sold by the plaintiff to the defendant. The answer,
amongst other defences, set up that there was no sufficient de-
livery and acceptance, under the statute of frauds.

At the trial in the superior court, before *Ames*, J., the plaintiff
testified that on one occasion shortly after the defendant and
himself had returned from Piermont, New York, the defendant
called on him and exhibited a letter from a correspondent con-
taining an order for boards and said, " I want you to go back to
Piermont and survey me out fifty thousand of boards. The ves-
sel that is to take them is on her way and will be there before
you will." The plaintiff accordingly went and selected and sur-
veyed the boards, and, the vessel not having arrived when he
left, he marked the boards with the name of the defendant's
firm, Borden & Co., and ordered his men to deliver them on the
vessel when she should arrive. Soon after reaching home he
called on the defendant and said, " I have delivered those boards
at Piermont, and now I want your note for the bill." The de-
fendant replied, " The vessel has not gone yet." The plaintiff
then said, " I can't help that, it is at your risk." The plaintiff
afterwards said to the defendant, " You hold my note with a
mortgage; this bill shall go towards it." The defendant has
since enforced his mortgage, without allowing anything for this
bill. The plaintiff further testified that he did not know what
became of the boards; that they were liable to be sold for non-
payment of charges; and on cross-examination he said, " There
was no other delivery of the boards than leaving them on the

wharf at Piermont for the defendant. The defendant told me the vessel would be there before I should, and that I was to survey and deliver them on the wharf, or survey off fifty thousand of boards for the vessel that was on her way. Survey means to put on the cap-log. The wharf at Piermont is only a railroad station, and not a place for the deposit of lumber, but whatever is left there must be got out of the way at once."

The above evidence is all that was offered by the plaintiff to prove a delivery to and acceptance by the defendant; and the judge directed the jury to return a verdict for the defendant, which they accordingly did. The plaintiff alleged exceptions.

*J. C. Blaisdell*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant, cited Browne on St. of Frauds, § 317; *Denny* v. *Williams*, 5 Allen, 1; *Snow* v. *Warner*, 10 Met. 132; *Waterman* v. *Meigs*, 4 Cush. 497; *Dole* v. *Stimpson*, 21 Pick. 384; *Shindler* v. *Houston*, 1 Comst. 261; *Tempest* v. *Fitzgerald*, 3 B. & Ald. 680; *Howe* v. *Palmer*, Ib. 321; *Acraman* v. *Morrice*, 8 C. B. 459; *Proctor* v. *Jones*, 2 C. & P. 532.

HOAR, J. The plaintiff's demand is for goods sold and delivered, of the price of more than fifty dollars. No note or memorandum in writing signed by the defendant or by his authority being proved, the alleged contract is not valid, under the statute of frauds, Gen. Sts. *c.* 105, § 5, unless there is proof that the purchaser has accepted and received some part of the goods sold, this being the only ground on which the plaintiff relies to take the case out of the statute.

On examining the evidence reported, we are unable to find that there were facts which would establish such an acceptance and receipt. The contract was oral. The defendant asked the plaintiff to go to Piermont and survey him out fifty thousand feet of boards, saying that the vessel to take them would be there before the plaintiff. There was no agreement as to price, or for any credit, and therefore no obligation on the plaintiff to deliver them without payment. The plaintiff " surveyed out " the boards, by placing them on the cap-log of the wharf, and marking them with the defendant's name. Whether this was a sufficient delivery is not the question. The defendant was not

present, nor his vessel, nor any one on his behalf, so that there was no symbolical or even verbal acceptance; certainly no act or declaration of taking possession. The defendant did nothing whatever in affirmance of the original oral contract after it was made. Farther than this, the evidence showed that the contract contemplated the receipt of the boards upon the vessel. The plaintiff testified that the wharf at Piermont was not a place of deposit, but a railroad station from which goods left there must be immediately removed. He ordered his men to deliver the boards on the vessel when she should arrive, showing that a further act of delivery on his part was contemplated. The defendant objected to paying the bill on the ground that the vessel had not gone.

Without reviewing the numerous authorities on the subject, it is sufficient to say that the plaintiff has failed to cite a single case which supports the doctrine for which he contends; while the ruling of the court is fully sustained by the citations made by the defendant. That ruling is therefore sustained, and there must be *Judgment on the verdict.*